**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| THE TICKETRESERVE, INC. d/b/a | § | |
| FIRSTDIBZ, | § | |
| | § | Case No. 08 cv 05202 |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| VIAGOGO, INC., VIAGOGO, LTD. and | § | |
| YOONEW, INC., | § | |
| | § | |
| Defendants. | | |

**PLAINTIFF'S RESPONSE TO VIAGOGO, INC.'S MOTION TO DISMISS FOR
LACK OF PERSONAL JURISDICTION**

Plaintiff The TicketRESERVE Inc. d/b/a FirstDIBZ, Inc. ("FirstDIBZ" or "Plaintiff"), files this Response to Viagogo, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction ("Motion") as follows:

## I.     INTRODUCTION

Viagogo, Inc. works in conjunction with its sister company, Viagogo, Ltd., to operate a highly interactive website, www.viagogo.com, by which it engages in repeated online contact with residents of Illinois.  As demonstrated by FirstDIBZ's First Amended Complaint, Viagogo, Inc. has minimum contacts with the state of Illinois to support both specific and general jurisdiction.  Indeed, Viagogo, Inc.'s and Viagogo, Ltd.'s website uses technology that infringes the claims of FirstDIBZ's United States Patent No. 7,363,267 (the "'267 Patent") to sell option/contingent rights to Illinois residents for tickets to sporting events occurring in the future. FirstDIBZ's patent infringement claims are thus directly related to and arise out of Viagogo, Inc.'s contacts with Illinois, and Viagogo, Inc. is subject to the jurisdiction of this Court. Consequently, the Court should deny Viagogo, Inc.'s Motion.

## II.     BRIEF OVERVIEW OF TECHNOLOGY AT ISSUE

Sports fans typically only want to attend a major sporting event when their team plays in it.  Unfortunately, by the time the fan's team qualifies for the championship game, like the Super Bowl, the only people with tickets are the scalpers.  In 2001, however, Chicago based FirstDIBZ launched its innovative website, www.firstdibz.com, for fans to reserve access to a face-value ticket, tied to a particular team, in advance of a given event.  Thus, loyal fans can guarantee themselves a seat at their coveted live event at a fair price.

FirstDIBZ's innovative website is patented.  On April 22, 2008, the '267 Patent issued to FirstDIBZ.  In general, the '267 Patent discloses and claims both a method and system for allowing a remote user to purchase, over the Internet, an option for a sporting event ticket for a "contingent event."  A contingent event is one certain to occur in the future, but at the time the option is offered, the participants, content and/or location are not predetermined.  For instance, the system disclosed in the '267 Patent can be used to sell options for the purchase of tickets to a contingent event such as the Super Bowl on the basis of what teams qualify.  *See* Am. Compl. Exhibit B, Patent Abstract.

A representative system patent claim in the '267 Patent is Claim 7, which provides:

7.  A system for allowing a user to purchase an option or futures contract for a ticket to a contingent game, comprising:

(a) means for identifying a plurality of teams who could qualify for a playoff game;

(b) means for identifying a plurality of tickets for said playoff game for which said plurality of teams could qualify but have not yet qualified for said playoff game at the time of identifying said tickets, each said ticket having associated therewith a designated team selected from among said plurality of identified teams;

(c) a database having stored therein a record associating each of said plurality of tickets with a futures contract to purchase said ticket, each said futures contract being exercisable upon occurrence of the designated team for that ticket qualifying for the playoff game;

(d) a server associated with said database and having means for entering bids to purchase each said futures contract and means for executing a sale of said futures contract based on a winning bid; and

(e) an order processing module to exercise selected futures contracts associated with each said designated team that qualifies for said playoff game.

*Id*. at Col. 7, line 49—Col. 8, line 5.  It is plain from the preamble language of Claim 7, to infringe Claim 7, a website allows "a user to purchase an option or futures contract for a ticket to a contingent game." *Id.*

## III.    PERSONAL JURISDICTION OVER VIAGOGO, INC.

### A.    Legal Standards for Personal Jurisdiction

The Due Process Clause of the Fourteenth Amendment limits the power of a state court to exert personal jurisdiction over a nonresident defendant.  *Asahi Metal Indus. Co., Ltd. v. Super. Ct. of Cal., Solano County*, 480 U.S. 102, 109 (1987).  In cases intimately involved with patent law, the law of the Federal Circuit applies to jurisdictional questions, and not the law of the regional circuit.  *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1359 (Fed. Cir. 2001).  Whether a state can exercise personal jurisdiction over an out-of-state defendant involves a dual inquiry.  *Id*. The first question asks whether the state's long-arm statute permits service of process.  *Id*.  The second question asks whether the assertion of personal jurisdiction would violate due process. *Id*.  In situations where the state long-arm statute is coextensive with the limits of due process, these two inquiries coalesce into one.  *Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1279 (Fed. Cir. 2005).  In Illinois, the state's long-arm statute permits courts to exercise personal jurisdiction to the extent permitted by the due process clauses of the Illinois and United States Constitutions.  *See RAR, Inc. v. Turner Diesel Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997).  As a result, the focus in this case is on the due process requirement.  *Id*.

The Due Process Clause of the Fourteenth Amendment permits the exercise of personal jurisdiction over a nonresident defendant when (1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing "minimum contacts" with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Jurisdiction may not be avoided merely because the defendant did not physically enter the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985). Instead, as long as the defendant's actions are purposefully directed at the forum state, the absence of physical contacts cannot defeat personal jurisdiction there. *Id.*

When a motion to dismiss is decided without a full evidentiary hearing, a plaintiff must only present a prima facie case of personal jurisdiction to prevail. *Hyatt Int'l Corp. v. Coco,* 302 F.3d 707, 713 (7th Cir.2002). In making this determination, a district court must accept all undisputed allegations in the complaint as true and resolve all factual conflicts in the plaintiff's favor. *Id.* Here, Plaintiff's First Amended Complaint establishes a prima facie case of personal jurisdiction over Viagogo, Inc.

**B.     The Declaration of Eric Baker is Insufficient to Controvert the Allegations in the First Amended Complaint**

In deciding the issue of personal jurisdiction, the court must accept the allegations in the complaint as true unless they are controverted by other evidence in the record. *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987). To controvert the allegations in the First Amended Complaint, Viagogo, Inc. has offered the declaration of Eric Baker. However, Mr. Baker's declaration is flawed, and, therefore, it is insufficient to controvert FirstDIBZ's allegations.

Under 28 U.S.C. § 1746, a declaration made by a foreign resident in a foreign country must state that the declaration is made under penalty of perjury *under the laws of the United*

*States.* 28 U.S.C. § 1746; s*ee also Sterling Fifth Assocs. v. Carpentile Corp., Inc.*, 2003 WL 22227960 at *5 (S.D.N.Y. Sept. 26, 2003) (holding it was "hard if not impossible" for the court to rely on a declaration made by a foreign resident when the statement was not made under penalty of perjury under the laws of the United States of America).  In his declaration, Mr. Baker only states: "I declare under penalty of perjury that the foregoing is true and correct."  *See* Declaration of Eric H. Baker (Dkt. # 55) at 3.  Mr. Baker, however, affirmatively stated he signed the declaration in London, England.  *Id.*  Because Mr. Baker has not subjected himself to the penalties of perjury under the laws of the United States, or any other country, the Court should not rely on the statements made in his declaration.  Thus, without any evidence to contradict the allegations in the First Amended Complaint, those allegations should be taken as true and the Court should deny Viagogo, Inc.'s Motion.

**C.**     **Viagogo, Inc.'s Contacts with Illinois Justify the Exercise of Specific Jurisdiction**

When a plaintiff's cause of action relates to the defendant's contacts with the forum, specific jurisdiction exists.  *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297-98 (1980).  Even a single contact with the forum state may justify the exercise of specific jurisdiction.  *Burger King*, 471 U.S. at 476.

As discussed above, the technology and claims of the '267 Patent relate generally to a computerized system "for allowing a user to purchase an option or futures contract for a ticket to a contingent game."  *See* Am. Compl. Exhibit B at Col. 28, lines 49-50.  In fact, the website www.viagogo.com offers for sale options for Chicago Bears playoff tickets.  *See* copies of print outs from www.viagogo.com attached hereto as Exhibit 1; *see also* Press Releases announcing the launch of Viagogo's Victory Pass in North America, attached hereto as Exhibits 2 and 3.  Upon information and belief, not only are ticket options offered for sale to Illinois residents, they also have purchased these options for Chicago Bears playoff tickets and other ticket options on

the Viagogo website.  Thus, www.viagogo.com directly targets residents of Illinois for events in Illinois.

Upon further information and belief, U.S. company Viagogo, Inc., works with its sister U.K. company Viagogo, Ltd., to obtain tickets to sell on the website, to collect the proceeds of sales of sporting event tickets for sporting events in Illinois and throughout the United States that are sold through www.viagogo.com, and to distribute sporting event tickets purchased on www.viagogo.com to customers in Illinois and throughout the United States.  While Mr. Baker's defective declaration purports to rebut all of these allegations, Mr. Baker never affirmative states that Viagogo, Inc. does not obtain tickets for sale on www.viagogo.com.  Rather, he sidesteps the issue by stating Viagogo, Inc. never "purchased any tickets for sale" or "negotiated or entered into any contracts in Illinois."  Neither of these statements, or others in his defective declaration, affirmatively state Viagogo, Inc. has not procured tickets for sale on the website through means other than purchase, such as an agent for another.  As such, Viagogo, Inc. and Viagogo, Ltd. interact with residents of Illinois through the website www.viagogo.com, and infringe the '267 Patent.  *See* Exhibit 3 ("The Viagogo offering is similar to existing ticket futures offerings developed by FirstDIBZ . . ..")

In its Motion, Viagogo, Inc. argues that specific personal jurisdiction does not exist because FirstDIBZ did not allege facts sufficient to support its claims for direct and indirect infringement against Viagogo, Inc.  *See* Viagogo, Inc.'s Motion (Dkt. # 57) at 9-10.  First, FirstDIBZ has alleged that Viagogo, Ltd.'s *and* Viagogo, Inc.'s website infringes the '267 Patent.  *See* the First Am. Compl. (Dkt. #44) at 5.  Second, FirstDIBZ has alleged facts that, if true, evidence an affirmative intent by Viagogo, Inc. that the tickets sold and distributed through Viagogo's website be used to infringe the '267 Patent, and show the infringement was

encouraged by Viagogo, Inc. *See id.* at 5-6. As shown in representative Claim 7 of the '267 Patent, offering tickets to a contingent event is integral part of the computerized system, so if Viagogo, Inc. is providing tickets for the website to offer, it is at a minimum inducing infringement by the Viagogo website.[1] Consequently, FirstDIBZ has alleged sufficient facts to establish claims for direct and indirect infringement by Viagogo, Inc.

**D.     Viagogo, Inc.'s Contacts with Illinois Justify the Exercise of General Jurisdiction**

If a nonresident has continuous and systematic contacts with the forum state, a court may exercise general personal jurisdiction over him. *Helicopterous Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 415 n.9 (1984). Although the Federal Circuit has not yet defined the standard for minimum contacts via a website, other circuits have adopted the sliding-scale test advanced in *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997). *See Revell v. Lidov*, 317 F. 3d 467, 470 (5th Cir. 2002). On one end of the scale are "highly interactive" sites by which the owner engages in repeated online contact with forum residents. *Id.* These sites, like the one in this case, include "virtual stores" and create personal jurisdiction because the owner does business directly with forum residents. *Id.*; *Zippo Mfg. Co.*, 952 F. Supp. At 1124; *see Stomp v. NeatO, LLC*, 61 F. Supp. 2d 1074, 1078 (C.D. Cal. 1999). Where a defendant, through its website, has actually made sales to forum residents, the website is considered highly interactive and provides a basis for personal jurisdiction over the defendant. *Powerhouse Prod., Inc. v. Widgery*, 564 F. Supp. 2d 672, 679 (E.D. Tex. 2008).

---

[1] Such allegations overcome the law's reluctance to find liability when a defendant sells a commercial product suitable for some lawful use. *See Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 935-36 (2005); *see also Water Technologies Corp. v. Calco, Ltd.*, 850 F.2d 660, 668 (Fed. Cir. 1988). In any event, Viagogo, Inc. makes no assertion it is selling tickets outside the Viagogo website platform. Plainly, simply selling tickets to a sporting event is not an infringement of the '267 Patent.

In this case, www.viagogo.com contains several interactive features that allow a user to buy and sell concert tickets, sporting event tickets and arts and theatre tickets for various events in Illinois.  *See* Exhibit 1.  Among the tickets that can be bought and sold are tickets to Chicago Cubs games and Chicago Bears games.  *See id.*  The website also allows users to register by creating a user name and password, which grants access to otherwise restricted materials.  *See id.* Undoubtedly, numerous tickets to different concerts, sporting events or arts and theatre events in Illinois have been bought and sold by Illinois residents on the Viagogo website.  Nevertheless, even if no tickets have been bought or sold to events in Illinois or by Illinois residents, the Viagogo website offers to sell tickets for events in Illinois and/or to Illinois residents, which is sufficient for general jurisdiction in Illinois.  *See id.*; *see also 3D Sys., Inc. v. Aarotech Labs., Inc.,* 160 F.3d 1373, 1378 (Fed. Cir. 1998).  As mentioned above, based on information and belief, because Viagogo, Inc. has numerous contacts with Illinois, the Court may exercise general jurisdiction over Viagogo, Inc., as well as its sister company Viagogo, Ltd.

In its Motion, which includes the defective declaration of Eric H. Baker, Viagogo, Inc. argues rather artfully that it has no contacts with Illinois, and, therefore, the Court does not have general jurisdiction over it.  *See* Viagogo, Inc.'s Motion at 6-9.  Among the recycled list of contacts it purportedly does not have with Illinois, Viagogo, Inc. fails to contradict a number of potential contacts with Illinois.  For instance, Viagogo, Inc. fails to negate having a business relationship with Viagogo, Ltd. or explain its relationship to Viagogo, Ltd.  *See id.*  FirstDIBZ has alleged, upon information and belief, that Viagogo, Inc. works with its sister company, Viagogo, Ltd. to obtain tickets for sale on the website, to collect the proceeds of sales of sporting event tickets for sporting events in Illinois and throughout the United States that are sold through www.viagogo.com, and to distribute sporting event tickets purchased on www.viagogo.com to

customers in Illinois and throughout the United States. *See* First Am. Compl. ¶ 16. Absent from Viagogo, Inc.'s Motion, or the attached declaration of Eric H. Baker, who, incidentally, is the CEO of Viagogo, Ltd., is a statement that Viagogo, Inc. does not work with Viagogo, Ltd. *See* Viagogo, Inc.'s Motion (Dkt. # 57) at 6-9; *see also* the Declaration of Eric H. Baker (Dkt. # 58) at 1-3. Undeniably, Viagogo, Inc.'s incorporation in the United States just a couple months before Viagogo, Ltd. launched its "Victory Pass" program for purchasing ticket options for NFL postseason games is suspicious and lends credibility to FirstDIBZ's claims that Viagogo, Inc. is working hand-in-hand with Viagogo, Ltd. *See* Exhibits 2 and 3.

If FirstDIBZ's uncontradicted allegations are correct, and Viagogo, Inc. and Viagogo, Ltd. work together to operate www.viagogo.com and/or support and execute the business conducted on www.viagogo.com, Viagogo, Ltd.'s contacts with Illinois are Viagogo, Inc.'s contacts with Illinois. Until FirstDIBZ has an opportunity to obtain discovery from Viagogo, Inc., FirstDIBZ, and the Court, cannot possibly know the extent of the relationship between Viagogo, Inc. and Viagogo, Ltd. Nevertheless, FirstDIBZ's allegations in its First Amended Complaint adequately establish the Court's general jurisdiction over Viagogo, Inc.

**E.    The Court's Exercise of Personal Jurisdiction Over Viagogo, Inc. is Fair**

Once a plaintiff has established minimum contacts sufficient to support the exercise of personal jurisdiction, the burden shifts to a defendant to demonstrate that the assertion of person jurisdiction would be unfair. *Burger King,* 471 U.S. at 476 (citing *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 320, (1945)). "[W]here a defendant who purposefully has directed his activities at forum residents seeks to defeat jurisdiction, he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King,* 471 U.S. at 477; *see Berol Corp. v. BIC Corp.,* 2002 WL 1466829, at *3 (N.D.Ill. July 8, 2002); (explaining that a defendant faces "an exceedingly high standard" in demonstrating jurisdiction is

unreasonable or unfair).   In this lawsuit, the Court's exercise of either specific or general jurisdiction over Viagogo, Inc. would not be unfair or offend the traditional notions of fair play or substantial justice.  Factors that courts consider in making that determination include: (1) the burden on the defendant; (2) the interest of the forum state in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolutions of controversies; and (5) the shared interest of the several states in furthering fundamental social policies.  *Burger King,* 471 U.S. at  477.

Viagogo, Inc. has not attempted to satisfy its burden of establishing how the Court's exercise of personal jurisdiction would be unfair.  Viagogo, Inc. merely asserts only that it would be unfair for it to defend in Illinois.  This mere allegation is insufficiently detailed to support a claim of unconstitutional personal jurisdiction in Illinois.  In addition, Viagogo, Inc. makes no effort to consider Illinois' interest in the lawsuit, FirstDIBZ's interest in convenient relief, or the interests of the judicial system or the several states.  Because Viagogo, Inc. failed to adequately contest fairness, Viagogo, Inc. waived this argument and the Court is free to exercise personal jurisdiction over Viagogo, Inc. based on its contacts with Illinois.  *United Conveyor Corp. v. King*, 1992 WL 265852 *4 (N.D. Ill. Sept. 30, 1992).

## IV.   ALTERNATIVELY, THE COURT SHOULD ALLOW JURISDICTIONAL DISCOVERY

Jurisdictional discovery is appropriate where the existing record may be inadequate to support personal jurisdiction, but the plaintiff demonstrates that it can supplement its jurisdictional allegations through discovery.   *Trintec Indus., Inc.*, 395 F.3d at 1283. Jurisdictional discovery is also appropriate where the parties dispute the relevant facts surrounding the jurisdictional issue, or where the parties have not made a satisfactory showing of the relevant facts. *Childers v. Sagem Morpho, Inc.*, 2006 WL 3523626 at *5 (W.D. Wash. Dec.

6, 2006). District courts are afforded wide discretion in determining whether to permit parties to obtain jurisdictional discovery while a motion to dismiss is pending. *See Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) (noting that courts should "assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is clearly frivolous"); *see also Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982); *Marshall v. McCown Deleeuw & Co.*, 391 F. Supp. 2d 880, 882 (D. Idaho 2005).

While FirstDIBZ has sufficiently alleged that Viagogo, Inc. works with Viagogo, Ltd. to procure tickets for sale on the website, to collect the proceeds of sales for sporting events in Illinois on behalf of Viagogo, Ltd. or to distribute sporting event tickets purchased on www.viagogo.com for Viagogo, Ltd. for sporting events in Illinois (FirstDIBZ's First Amended Compl., ¶¶ 9-17), more information about the nature and scope of Viagogo, Inc.'s business and connection to Viagogo, Ltd. and www.viagogo.com would be obtained through discovery. Based on Viagogo, Inc.'s Motion, and Mr. Baker's declaration, a number of questions remain as to the scope and nature of Viagogo, Inc.'s business and its relationship with Viagogo, Ltd.[2] If the Court provides FirstDIBZ with an opportunity to take oral and written jurisdictional discovery, including without limitation interrogatories and requests for production to Viagogo, Inc. as well as the deposition of Viagogo, Inc.'s corporate representative, many lingering questions will be answered and FirstDIBZ will be able to supplement its jurisdictional allegations.

Therefore, FirstDIBZ requests that it be permitted to conduct jurisdictional discovery to support its jurisdictional allegations. FirstDIBZ has already served Viagogo, Inc. with requests

---

[2] Examples of such questions would be: What does Viagogo, Inc. do? Why was Viagogo, Inc. formed just a couple months before Viagogo, Ltd. launched its "Victory Pass" program for purchasing ticket options for NFL postseason games? Who procured the tickets for Chicago Bears and Cubs games and other events offered on www.viagogo.com? Why did Viagogo, Inc. file what amounts to a motion to dismiss on behalf of Viagogo, Ltd.? Why did the CEO of Viagogo, Ltd. execute an affidavit of behalf of Viagogo, Inc.?

for production and interrogatories. FirstDIBZ would only ask the Court to require Viagogo, Inc. to respond to FirstDIBZ's written discovery and produce Eric Baker for deposition so that FirstDIBZ can question Mr. Baker about the business activities of Viagogo, Inc. while Mr. Baker is subject to the penalties of perjury under the laws of the United States.

## V.     CONCLUSION

Plaintiff FirstDIBZ respsectfully requests that the Court deny Defendant Viagogo, Inc.'s Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction. In the alternative, FirstDIBZ requests that the Court allow FirstDIBZ to take jurisdictional discovery from Viagogo, Inc. Respectfully submitted this 9th day of January, 2009.

*/s/ John F. Luman III*
Charles B. Leuin (IL ARDC 6225447)
Cameron M. Nelson (IL ARDC 6275585)
Greenberg Traurig, LLP
77 West Wacker Drive
Suite 2500
Chicago, IL 60601
(312) 456-8400 - Telephone
(312) 456-8435  - Facsimile

Glenn A. Ballard, Jr.
State Bar No. 01650200
John F. Luman III
State Bar No. 00794199
Andrew W. Zeve
State Bar No. 24042209
Bracewell & Giuliani LLP
711 Louisiana, Suite 2300
Houston, Texas 77002
(713) 223-2300 - Telephone
(713) 221-1212 – Facsimile

**ATTORNEYS FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record via the Court's electronic filing system pursuant to the Federal Rules of Civil Procedure on the 9th day of January, 2009.


*/s/ John F. Luman III*
John F. Luman III