IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE TICKETRESERVE, INC. d/b/a FIRSTDIBZ, <br><br> Plaintiff, <br><br> v. <br><br> VIAGOGO, INC., VIAGOGO, LTD., AND YOONEW, INC., <br><br> Defendants. | Case No. 08 C 5202 <br><br> Judge Virginia M. Kendall |

## MEMORANDUM OPINION AND ORDER

Plaintiff The Ticketreserve, Inc. d/b/a FirstDIBZ ("FirstDIBZ") brought suit against Defendants viagogo, Inc. ("viagogo Inc.") and viagogo, Ltd. ("viagogo Ltd.") for patent infringement. viagogo Inc. and viagogo Ltd. now move this Court to dismiss FirstDIBZ's Complaint pursuant to Fed. R. Civ. P. 12(b)(3) for improper venue. viagogo Inc. also moves this Court to dismiss it as a defendant pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. For the reasons stated below, viagogo Ltd. and viagogo Inc.'s Motion to Dismiss for Improper Venue is denied and viagogo Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction is granted.

## STATEMENT OF FACTS/PROCEDURAL HISTORY

viagogo Ltd. is a company formed and based in the United Kingdom that offers tickets for concerts and sporting events via its website, www.viagogo.com. Eric Baker 12(b)(3) Dec. at ¶ 2.[1]

---

[1] When considering motions to dismiss for lack of personal jurisdiction and improper venue, the court may rely on evidence outside of the pleadings, such as affidavits and declarations. *See Purdue Research Found. v. Sanofi-Synthlabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003) (addressing personal jurisdiction); *Auto. Mechs. Local 701 Welfare & Pension Funds v. Vanguard Car Rental USA, Inc.*, 502 F.3d 740, 746 (7th Cir. 2007) (addressing improper venue). FirstDIBZ claims that Baker's declarations are defective because, although they were made under

viagogo Inc. is a company incorporated in the state of Delaware that does no business in the state of Illinois and has no relation to the operation of www.viagogo.com. Eric Baker 12(b)(2) Dec. at ¶¶ 3-13, 19. FirstDIBZ is a company formed and based in Illinois that operates a website at www.firstdibz.com for selling and trading ticket options for future sporting events. Amend. Compl. at ¶ 9.

In June 1999, FirstDIBZ applied for a U.S. Patent ("'267 Patent") for its technology entitled, "Contingency-Based Options and Futures for Contingent Travel Accommodations." Amend. Compl. at ¶ 13. Shortly thereafter, FirstDIBZ applied for an international patent for the same technology. Amend. Compl. at ¶ 13. FirstDIBZ received the international patent on December 14, 2000 and the U.S. patent on April 22, 2008. Amend. Compl. at ¶ 13. In May 2007, FirstDIBZ engaged in discussions regarding a joint venture with viagogo Ltd. Amend. Compl. at ¶ 15. In order to protect the confidential information being disclosed, the parties signed a nondisclosure agreement and further agreed to arbitrate any dispute related to the nondisclosure agreement in the United Kingdom. Amend. Compl. at ¶ 15. Ultimately, viagogo Ltd. and FirstDIBZ did not pursue a joint venture. Amend. Compl. at ¶ 15. A year later, viagogo Ltd. launched its "Victory Pass" program on www.viagogo.com. The "Victory Pass" program provides future ticket options to sporting events and uses similar technology to FirstDIBZ's "Contingency-Based Options and Futures for Contingent Travel Accommodations." Amend. Compl. at ¶ 16.

---

penalty of perjury, they do not include, "under penalty of perjury *under the laws of the United States of America*" as required by statute. *See* 28 U.S.C. § 1746(1) (declaration made by foreign resident in a foreign country must state, in substantially the following form: "I declare . . . under penalty of perjury under the laws of the United States of America that the foregoing is true and correct."). Title 28 U.S.C. § 1746, however, only requires substantial compliance. *See* 28 U.S.C. § 1746. The fact that Baker signed his declaration under penalty of perjury is sufficient. *See Gilmore v. Festo KG*, No. 97 C 5106, 2000 WL 12727, at *2 (N.D. Ill. Jan. 4, 2000) (Plunkett, J.) (where foreign individual signed declaration under oath there was no need for the language "under the laws of the United States").

FirstDIBZ filed a Complaint against viagogo Inc. on September 11, 2008 and an Amended Complaint against viagogo Inc. and viagogo Ltd. on November 19, 2008. FirstDIBZ alleges that viagogo.com's "Victory Pass" program infringes claims of its '267 Patent. On December 19, 2008, viagogo Inc. and viagogo Ltd. filed a Motion to Dismiss for Improper Venue. viagogo Inc. also filed a Motion to Dismiss for Lack of Personal Jurisdiction.

**I. Motion to Dismiss for Improper Venue**

Federal Rule of Civil Procedure 12(b)(3) provides for the dismissal of an action for improper venue. *See* Fed. R. Civ. P. 12(b)(3). Dismissal of a case under Rule 12(b)(3) due to a valid arbitration clause is appropriate. *See Cont'l Cas. Co. v. Am. Nat'l Ins. Co.*, 417 F.3d 727, 733 (7th Cir. 2005). When ruling on a motion to dismiss for improper venue, the Court is not "obligated to limit its considerations to the pleadings nor convert the motion to one for summary judgment." *Id.*

As a preliminary matter, viagogo Inc. and viagogo Ltd. assert that the Court, in ruling on their motion to dismiss, should only consider FirstDIBZ's original Complaint and not its Amended Complaint. They point out that in its original Complaint, FirstDIBZ alleged that viagogo Inc. took information disclosed pursuant to the nondisclosure agreement in order to launch its copycat website. Compl. at ¶ 13. Yet in its Amended Complaint, FirstDIBZ no longer makes this assertion. Amend. Compl. at ¶ 15. viagogo Inc. and viagogo Ltd. claim that FirstDIBZ changed its allegations in order to avoid a 12(b)(3) motion to dismiss and therefore the Court should only consider the original Complaint. Rule 15(a) gives a plaintiff the right to amend his or her complaint before a responsive pleading is served. *See* Fed. R. Civ. P. 15(a). Once an amended complaint is filed it supersedes the original complaint and controls the case from that point forward. *See 188 LLC v. Trinity Indus.*, 300 F.3d 730, 736 (7th Cir. 2002); *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir.

1999). The amended complaint controls even though it may contradict allegations set forth in the original complaint. *See Moriarty v. Larry G. Lewis Funeral Directors Ltd.*, 150 F.3d 773, 777 (7th Cir. 1998) ("inconsistent pleading is permitted"). The original complaint is in effect withdrawn as to all matters not restated in the amended complaint. *See Massey*, 196 F.3d at 735. Here, FirstDIBZ had the right to file its Amended Complaint because viagogo Inc. and viagogo Ltd. had not yet filed a responsive pleading. The allegations in its Amended Complaint supersede its prior complaint and now control the case. Therefore, in assessing viagogo Inc. and viagogo Ltd.'s motions, this Court will only consider FirstDIBZ's Amended Complaint.

Next, viagogo Inc. and viagogo Ltd. claim that irrespective of which complaint the Court considers, this case should be dismissed because FirstDIBZ agreed to arbitrate all disputes relating to the nondisclosure agreement. The Federal Arbitration Act governs the enforceability of arbitration clauses in contracts. *See* 9 U.S.C. § 1 *et seq.*; *see also Jain v. de Mere*, 51 F.3d 686, 688 (7th Cir. 1995). The Act embodies a strong federal policy in favor of enforcing arbitration clauses in contracts, including those requiring arbitration in foreign countries. *See Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer*, 515 U.S. 528, 554-55 (1995). An order to arbitrate should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible to an interpretation that covers the asserted dispute. *See United Steelworkers v. Gulf Navigation Co.*, 363 U.S. 574, 582-83 (1960). Despite this strong presumption in favor of their enforcement, arbitration agreements ultimately remain a matter of the parties' intent. *See American United Logistics, Inc. v. Catellus, Development Corp.*, 319 F.3d 921, 929 (7th Cir. 2003). No court may force a party to arbitrate a claim that it has not previously agreed to arbitrate, nor may a court expand the application of an arbitration clause beyond its intended scope. *See AT&T Tech., Inc. v. Comm.*

*Workers*, 475 U.S. 643, 648-49 (1986). Whether parties agreed to submit their claims to arbitration is an issue to be determined by the Court. *See id.* at 649. In deciding whether a dispute is arbitrable, the Court must focus on the arbitration agreement itself and determine whether there is an agreement to arbitrate and if so, whether the underlying dispute is within its scope. *See Flender Corp. v. Techna-Quip Co.*, 953 F.2d 273, 277 (7th Cir. 1992); *Wilson Sporting Goods Co. v. Head Sports Inc.*, No. 94 C 4966, 1994 WL 702611, at *2 (N.D. Ill. Dec. 12, 1994) (Plunkett, J.).

Here, both parties agree that they signed a nondisclosure agreement protecting the disclosure of confidential information and requiring that all disputes relating to the agreement be submitted to arbitration. Amend. Compl. at ¶ 15; Eric Baker 12(b)(3) Dec. at ¶ 3. The critical issue before this Court is whether FirstDIBZ's patent infringement claim is within the scope of the parties' arbitration agreement. viagogo Inc. and viagogo Ltd. point to the broad language of the arbitration clause in the nondisclosure agreement. The arbitration clause states that, "any dispute arising out of or in connection with this Agreement, including any question regarding its existence, validity or termination, shall be referred to and finally resolved by arbitration." Eric Baker 12(b)(3) Dec. Ex. 1 at ¶ 10. The nondisclosure agreement, however, also explicitly provides that it covers only "Confidential Information" and states: "[T]he term 'Confidential Information' shall not include any of the following types of information: information which is or which becomes generally available to the public." Eric Baker 12(b)(3) Dec. Ex. 1 at § 1.

First, it is important to note that FirstDIBZ's claim is for patent infringement, not breach of the parties' nondisclosure agreement, and information regarding the technology disclosed in the patent at issue is not covered by the parties' nondisclosure agreement. The patented technology is explicitly excluded from the scope of the parties' nondisclosure agreement because it is public

5

information and therefore falls within the agreement's exception to "Confidential Information." *See* Eric Baker 12(b)(3) Dec. Ex. 1 at § 1. Although FirstDIBZ did not receive a U.S. Patent for its technology until 2008, a year after it entered into the nondisclosure agreement with viagogo Ltd., it received an international patent for the exact same technology on December 14, 2000. Amend. Compl. Ex. A and Ex. B. The technology in dispute could not have been confidentially disclosed to viagogo Inc. and viagogo Ltd. in 2007 because it was made public seven years earlier when FirstDIBZ's international patent was granted and published. *See Baxter Int'l, Inc. v. McGaw, Inc.*, 149 F.3d 1321, 1326 (Fed. Cir. 1998) (stating that when plaintiff's international patent was granted and published, it became public). Because the parties' nondisclosure agreement explicitly excludes public information from its scope, a claim alleging infringement of a technology made public in 2000 cannot be subject to the agreement's arbitration clause. FirstDIBZ's patent infringement claim is not subject to arbitration and therefore viagogo Inc. and viagogo Ltd.'s Motion to Dismiss for Improper Venue is denied.[2]

## II. Motion to Dismiss for Lack of Personal Jurisdiction

When a defendant challenges the court's exercise of personal jurisdiction, the plaintiff bears the burden of demonstrating that personal jurisdiction exists. *See Jennings v. AC Hydraulic A/S*, 383 F.3d 546, 548 (7th Cir. 2004). When a court decides a motion solely on written submissions, the plaintiff bears the burden to establish a *prima facie* case that jurisdiction may be exercised. *See Purdue Research Foundation v. Sanofti-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). In reviewing a motion to dismiss for lack of personal jurisdiction, the court accepts all well-pleaded

---

[2] The Court notes that viagogo Inc. was not a signatory to the nondisclosure agreement at issue; however, because the Court finds that FirstDIBZ's patent infringement claim does not fall within the scope of the nondisclosure agreement's arbitration clause it will not reach the issue of whether a non-signatory to an arbitration agreement can compel arbitration.

factual allegations in the complaint as true unless controverted by the defendant's affidavits. *See Turncock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987), *superceded on other grounds*. Where affidavits submitted by the plaintiff create a factual dispute, all disputed facts are construed in the plaintiff's favor. *See Logan Prods., Inc. v. Optibase, Inc.*, 103 F.3d 49, 52 (7th Cir. 1996).

To determine whether the Court has personal jurisdiction over a nonresident defendant in a patent case, it applies the law of the federal circuit rather than that of the regional circuit in which it arises. *See Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1359 (Fed. Cir. 2001); *Maclean-Fogg Co. v. Edge Composites, LLC*, No. 08 C 6367, 2009 WL 1010426, at *4 (N.D. Ill April 14, 2009) (Conlon, J.). The Court may exercise personal jurisdiction over a defendant in a patent infringement case if two requirements are met: 1) jurisdiction must exist under Illinois' long-arm statute and 2) jurisdiction must be consistent with the limitation of the due process clause. *See Trintic Indus. v. Pedre Promotional Prods. Inc.*, 395 F.3d 1275, 1279 (Fed. Cir. 2005). The Illinois long-arm statute is coextensive with federal due process requirements and therefore the two-step inquiry collapses into one: whether the exercise of personal jurisdiction over the defendants comports with constitutional due process. *See* 735 ILCS 5/2-209(c)*; see also Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1358 (Fed. Cir. 1998).

Personal jurisdiction is proper under constitutional due process only when the defendant has "minimum contacts" with the forum "such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Under the "minimum contacts" test, a defendant may be subject to either general or specific jurisdiction. *See LSI Indus. Inc., v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000). For general jurisdiction, a defendant must have "continuous and systematic" contacts with the

7

forum. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415-16 (1984); *Autogenomics, Inc. v. Oxford Gene Technology, Ltd.*, 556 F.3d 1012, 1017 (Fed. Cir. 2009). For specific jurisdiction, the Federal Circuit has established a three-prong test that must be satisfied: 1) whether the defendant purposely directed its activities at the residents of the forum; 2) whether the claim arises out of or is related to those activities; and 3) whether assertion of personal jurisdiction is reasonable and fair. *See HollyAnne Corp. v. TFT, Inc.*, 199 F.3d 1304, 1307-08 (Fed. Cir. 1999).

FirstDIBZ alleges that both viagogo Ltd. and viagogo Inc. infringed claims of its '267 Patent' through their website, www.viagogo.com. More specifically, FirstDIBZ claims that before the launch of its "Victory Pass" program on www.viagogo.com, viagogo Ltd. incorporated viagogo Inc. in order to take care of ticket acquisition, sale, and distribution in the United States, including the state of Illinois. Amend. Compl. at ¶ 18. viagogo Ltd. does not dispute FirstDIBZ's claim that it is subject to personal jurisdiction in Illinois. viagogo Inc., however, claims that it cannot be subject to general or specific jurisdiction because it neither has sufficient contacts in Illinois nor does it operate the allegedly infringing website, www.viagogo.com.

Here, viagogo Inc. cannot be subject to general jurisdiction because it does not have continuous and systematic contacts with Illinois. viagogo Inc. is a Delaware corporation and the record demonstrates that viagogo Inc. has no contacts with Illinois. Eric Baker 12(b)(2) Dec. at ¶ 2. viagogo Inc. does not own or lease property in Illinois. Eric Baker 12(b)(2) Dec. at ¶ 4. It has no employees, contracts or assets in Illinois. Eric Baker 12(b)(2) Dec. at ¶¶ 5-9. It pays no taxes in Illinois, does not advertise in Illinois and does not engage in any business dealings in Illinois. Eric Baker 12(b)(2) Dec. at ¶¶ 7, 10, 13. Additionally, the record before the Court shows that viagogo Inc. has no relation to www.viagogo.com and therefore does not do business with Illinois

through this website. Eric Baker 12(b)(2) Dec. at ¶¶ 14-19. FirstDIBZ has failed to put forth any evidence that viagogo Inc. has any sort of contact with the state of Illinois, let alone continuous and systematic contacts. *See Jennings*, 383 F.3d at 548 (once the defendant challenges the exercise of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction exists). In support of its contention that viagogo Inc. is subject to this Court's general jurisdiction, FirstDIBZ points to viagogo Inc.'s alleged involvement with the operation of www.viagogo.com. FirstDIBZ, however, has not provided the Court with any evidence to substantiate its claim. Furthermore, any involvement viagogo Inc. may have with www.viagogo.com is relevant to the exercise of specific jurisdiction, not general jurisdiction because the website is what gave rise to FirstDIBZ's patent infringement claim. FirstDIBZ has failed to meet it burden of proving that viagogo Inc. has continuous and systematic contacts with Illinois and therefore the Court finds that viagogo Inc. is not subject to the Court's general jurisdiction.

Next, FirstDIBZ asserts that viagogo Inc. is subject to the Court's specific jurisdiction. In support of its contention, FirstDIBZ alleges that viagogo Ltd. incorporated viagogo Inc. in the United States so that viagogo Inc. could help launch the "Victory Pass" program on www.viagogo.com by taking care of ticket acquisition, sales, and distribution. Amend. Compl. at ¶ 16. If this assertion were true, viagogo Inc. would certainly be subject to specific jurisdiction in Illinois because the website is purposely directed at Illinois residents and is related to FirstDIBZ's patent infringement claim. The record demonstrates, however, that viagogo Inc. is in no way involved with the business operation of www.viagogo.com; it does not control or operate the website. Eric Baker 12(b)(2) Dec. at ¶ 19. viagogo Inc. does not purchase tickets for sale on the website, distribute tickets purchased on the website, or collect proceeds from the sale of tickets on

the website. Eric Baker 12(b)(2) Dec. at ¶¶ 15-16. Additionally, the website itself only names viagogo Ltd. as its operator. Eric Baker 12(b)(2) Dec. Ex. 3 and 4. Because FirstDIBZ has failed to provide any evidence disputing the fact that viagogo Inc. is not involved with the allegedly infringing website, the Court finds that viagogo Inc. is not subject to specific jurisdiction in Illinois.

Lastly, FirstDIBZ requests that it be permitted to conduct jurisdictional discovery on the issue of personal jurisdiction. It is within this Court's discretion to permit jurisdictional discovery. *See Central States, Southeast and Southwest Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 946 (7th Cir. 2000) (standard of review on appeal is abuse of discretion). At minimum, the plaintiff must establish a *prima facie* showing of personal jurisdiction before discovery will be permitted. *See id.* Generally, courts grant jurisdictional discovery if the plaintiff can show that the factual record is at least ambiguous or unclear on the jurisdiction issue. *See e.g., Wells v. Hospital Group of Illinois, Inc.*, No. 02 C 6111, 2003 WL 21704416, at *3 (N.D. Ill. July 23, 2003) (Lefkow, J.). The standard is low, but a plaintiff's request will be denied if it is based only upon unsupported assertions of personal jurisdiction. *See Central States,* 230 F.3d at 946 (citing *Andersen v. Sportmart, Inc.*, 179 F.R.D. 236, 242 (N.D. Ind. 1998)).

Here, FirstDIBZ has failed to make a *prima facie* showing that the Court has personal jurisdiction over viagogo Inc. The record is not ambiguous or unclear on the issue. viagogo Inc. has submitted a declaration unequivocally denying any involvement with the operation of www.viagogo.com. FirstDIBZ had an opportunity to respond and submit affidavits of its own to provide the Court with some evidence that viagogo Inc. is in any way involved with the website. The exhibits that FirstDIBZ submitted to the Court, however, only demonstrate that www.viagogo.com is aimed at Illinois residents; they do not provide any support for the fact that

10

viagogo Inc. has any ties to the website. FirstDIBZ has provided the Court with nothing more than its unsupported suspicion that viagogo Inc. is involved with www.viagogo.com. Because FirstDIBZ has provided nothing but its unsupported assertion of personal jurisdiction over viagogo Inc., its request for jurisdictional discovery is denied. The Court has neither general jurisdiction nor specific jurisdiction over viagogo Inc. and therefore its Motion to Dismiss for Lack of Personal Jurisdiction is granted.

## **CONCLUSION AND ORDER**

For the reasons stated, viagogo Inc. and viagogo Ltd.'s Motion to Dismiss for Improper Venue is denied and viagogo Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction is granted. So ordered.

_____
Virginia M. Kendall, United States District Judge
Northern District of Illinois

Date: August 11, 2009